**Bertha Sonia CASTILLON– CAMPOSANO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–70156.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 6, 2016.*

Filed Jan. 8, 2016.

Philippe Dwelshauvers, Esquire, Fresno, CA, for Petitioner.

OIL, Lyle Davis Jentzer, Esquire, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, NOONAN, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM **

Petitioner Bertha Castillon–Camposano seeks review of a final deportation order entered by the Board of Immigration Appeals (BIA). Petitioner argues that she did not "engage in terrorist activity" within the meaning of 8 U.S.C. § 1182(a)(3)(B) because she provided assistance while under duress.

We cannot reach Petitioner's argument because we cannot grant her effective re-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

lief. The BIA held that Petitioner failed to meet her evidentiary burden for many of the statutory eligibility requirements for voluntary departure, including continuous physical presence in the United States, good moral character, means to depart the United States, and intent to depart the United States. *See* 8 U.S.C. § 1229c(b)(1). This court lacks jurisdiction to review that factual finding. *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i); *Corro–Barragan v. Holder*, 718 F.3d 1174, 1176–77 (9th Cir.2013). Thus, regardless of how we would resolve the duress issue, Petitioner would remain ineligible for voluntary departure.

**DISMISSED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.